```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Kurt R. Carpentino and
T.E., a minor

    v.                                    Civil No. 13-cv-202-JD

William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.[1]


**REPORT AND RECOMMENDATION**

Kurt R. Carpentino has filed a complaint (doc. no. 1), on behalf of himself and his minor son, T.E., alleging that defendants have violated his federal and state constitutional rights. Because Carpentino is a prisoner proceeding pro se, the matter is before the court for preliminary review to determine, among other things, whether the complaint asserts any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity

---

[1]In addition to Wrenn, plaintiff has named New Hampshire Department of Corrections employees Joseph Diament and Kristina Toth as defendants to this action.

to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Carpentino has been incarcerated at the New Hampshire State Prison ("NHSP") for eleven years for sexual offenses against thirteen-, fourteen-, and fifteen-year-old girls, who Carpentino alleges were his girlfriends, when Carpentino was seventeen. Since beginning his incarceration, Carpentino has discovered that he has an eleven-year-old son. Carpentino states that neither his son nor his son's mother were victims of his incarcerating offenses.

After discovering that he had a son, Carpentino sought entry into the Family Connections Center program ("FCC"), a rehabilitative program located at the NHSP. The FCC is designed to promote healthy relationships between incarcerated fathers and their children. To that end, Carpentino asserts, the program offers its participants Skype visits with their children and extra in-person visit days not available to inmates who are not participating in the FCC.

Carpentino states that defendants have each denied him access to the FCC pursuant to a New Hampshire Department of Corrections ("DOC") policy that disqualifies inmates convicted of sexual offenses against children. Carpentino asserts that other types of sexual offenders and even individuals who have killed children are not categorically denied admittance.

**Claims**

Carpentino's complaint asserts the following claims for relief on behalf of both Carpentino and his minor son:

1. Plaintiffs' Fifth and Fourteenth Amendment rights to equal protection of the laws has been violated by defendants denying Carpentino access to the FCC, based on his conviction on sexual offenses against children, when no other types of inmates are categorically excluded from the program based on the nature of their offenses;

2. Carpentino's Eighth Amendment right not to be subject to cruel and unusual punishment was violated when the defendants denied him access to rehabilitative programming.

3. Plaintiffs' First Amendment rights to familial association and Carpentino's right to parent his child were violated by the defendants denying Carpentino access to the FCC.

4. Carpentino's state constitutional right to rehabilitation was violated when the defendants denied him the ability to participate in the FCC.

**Discussion**

I. <u>Representation of Minor Son</u>

In this action, Carpentino asserts that constitutional rights accruing to his son, T.E., have been violated by defendants. As a pro se litigant, however, Carpentino cannot represent his minor child, or otherwise assert claims on behalf of his minor child, in this court. See 28 U.S.C. § 1645; LR 83.2(d). Accordingly, the court recommends that the portion of Carpenito's complaint asserting claims on behalf of T.E. be dismissed.

II. <u>Equal Protection Claim</u>

Carpentino asserts that the categorical exclusion of child sexual offenders from the FCC violates Carpentino's right, as a member of that category, to equal protection of the laws, in violation of the Fifth and Fourteenth Amendments, as no other group of inmates is, as a group, entirely barred from the program based on the nature of their offense.[2] "Under equal protection jurisprudence, a governmental classification aimed at a 'suspect class' is subject to heightened judicial scrutiny. Classifications that target non-suspect classes are subject only to rational basis review." Cook v. Gates, 528 F.3d 42, 61 (1st Cir. 2008) (internal citation omitted). However, "'a classification neither involving fundamental rights nor proceeding along suspect lines . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" Armour v. City of Indianapolis, 132 S. Ct. 2073, 2080 (2012) (citation omitted).

---

[2]Carpentino fails to mention that the FCC also categorically bars inmates who have been convicted of a charge relating to child pornography. See N.H. Dep't of Corrs. Policy & Procedure Directive 7.08 (setting forth the prison regulations concerning the FCC). Neither that exclusion nor Carpentino's omission of it, is material to this court's recommendation.

Sexual offenders are not a "suspect class" entitled to heightened scrutiny. See Lyons v. Wall, No. CA 09-059 ML, 2010 WL 554099, at *4-*5 (D.R.I. Feb. 12, 2010) (collecting cases). Accordingly, sexual offenders who have victimized children are not a "suspect class," and the rational basis test thus applies to Carpentino's claim. Therefore, to state an equal protection claim, Carpentino must demonstrate that the exclusion of inmates convicted of sexual offenses against minors from the FCC lacks any rational relationship to a valid penological objective. See id. at *4.

Carpentino has not made that showing, and the court cannot find that he would be able to do so. The FCC connects inmate-parents to their children and allows for increased contact between them. The challenged regulation, to the extent it creates a class of child sexual offenders, and bars all members of that class from participation in the FCC, is rationally related to a legitimate penological objective. The prison has a legitimate interest in preventing inmates from participating in programs that might allow the inmates to prepare for or commit new offenses during their incarceration. The court cannot find that it is unreasonable, in furthering those goals, to exclude all child sexual offenders from the FCC.

Accordingly, Carpenito, as a member of the class of child sexual offenders, may be excluded from the FCC, on that basis, without any injury to his equal protection rights.  For these reasons, Carpentino's equal protection claim should be dismissed.

### III. Cruel and Unusual Punishment Claim

Carpentino asserts that his Eighth Amendment right not to be subjected to cruel and unusual punishment was violated by the defendants' withholding specific rehabilitative programming (i.e., access to FCC) from him during his incarceration.  A prison inmate does not have a federal constitutional right to rehabilitation.  See Fiallo v. De Batista, 666 F.2d 729, 730 (1st Cir. 1981).  Because Carpentino has no right to a particular rehabilitation program, the Eighth Amendment is not violated by the defendants' denying Carpentino the ability to participate in the FCC, and Carpentino's Eighth Amendment claim should be dismissed.

### IV. Familial Association Claim

Carpentino claims that denying him access to the FCC denies him the right to associate with his son, in violation of his First Amendment right to familial association.  An inmate does not have a constitutionally-protected interest in unfettered

7

visitation, as a means of exercising his right to familial association.  Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989).  The Constitution is not offended where reasonable restrictions are placed on visitation in the prison context.  See Wirsching v. Colorado, 360 F.3d 1191, 1198 (10th Cir. 2004) (citing Overton v. Bazzetta, 539 U.S. 126, 131 (2003)).  A court evaluating a claim that a prison regulation interfered with an inmate's rights under the First Amendment must accord prison administrators significant deference in defining legitimate goals for the corrections system, and for determining the best means of accomplishing those goals.  See Overton v. Bazzetta, 539 U.S. 126, 132 (2003).  Where jail policies address legitimate concerns, the inmate bears the burden of showing that the policy was an exaggerated response to those concerns.  See id.

    The court has found, above, that the restriction on Carpentino's access to the FCC is rationally related to a legitimate penological objective.  Carpentino has not asserted any basis upon which this court could find that the restriction on his access to FCC privileges was an exaggerated response to the prison's objective.  Accordingly, Carpentino has failed to demonstrate that his constitutional right of familial

association, or any right he might have to parent his son, was improperly impinged, and this claim should be dismissed.

V.   State Constitutional Claims

Carpentino has failed to state any federal claim upon which relief might be granted against defendants. The court may decline to exercise supplemental jurisdiction over a state law claim where all of the claims over which the court has original jurisdiction are dismissed. See 28 U.S.C. § 1367(c)(3). The court should decline to exercise supplemental jurisdiction over Carpentino's state constitutional claims, and those claims should be dismissed without prejudice to Carpentino's ability to raise them in an action filed in the state courts.

**Conclusion**

For the foregoing reasons, Carpentino's claims asserting violations of his federal constitutional rights should be dismissed, as they fail to state any claim upon which relief might be granted. Carpentino's claims asserted under the state constitution should be dismissed without prejudice to Carpentino's ability to raise them in the state courts. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 15, 2013

cc: Kurt R. Carpentino, pro se

LM:jba